## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                            No. 5:20-cr-2040 RB

IGNACIO CHAVEZ,

     Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Ignacio Chavez's Motion for Reconsideration. (Doc. 498.) Having reviewed the parties' arguments, the record, and the applicable law, the Court will **DENY** the motion.

## I.    Background[1]

On August 19, 2021, Chavez pleaded guilty to four counts of an Indictment charging one count of conspiracy to possess with the intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) 846; one count of distribution of 50 grams and more of methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and two counts of using a communication facility to further the commission of a drug trafficking crime in violation of 21 U.S.C. § 843(b). (*See* Docs. 25; 337.) The United States Probation Office (USPO) provided a presentence report and computed a base offense level of 34. (Doc. 398 ¶ 20.) After a two-level increase because he possessed a firearm, a two-level increase for maintaining a premises for the purpose of distributing a controlled substance, and a three-level downward adjustment for acceptance of responsibility, his total offense level was 35. (*Id.* ¶ 21–

---

[1] The Court incorporates the relevant background as outlined in its October 1, 2024 Memorandum Opinion and Order. (Doc. 496.)

22, 28–30.) Because Chavez had zero criminal history points, his criminal history category was I. (*Id.* ¶ 36.) An offense level of 35 and criminal history category of I equated to a Guidelines sentencing range of 168 to 210 months. (*Id.* ¶ 56.) In August 2019, the Court adopted the PSR and sentenced Chavez to 168 months' imprisonment. (Doc. 451.)

On March 7, 2024, Chavez filed a counseled Motion to Reduce Sentence under Amendment 821, Part B, and asked the Court to reduce his sentence by 33 months. (Doc. 486 at 1.) Part B of Amendment 821 added a new section to the USSG providing that courts may reduce the offense levels by two for offenders who have zero criminal history points (zero-point offenders) and meet specified additional criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023). Defendants who do not meet those criteria are not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion," which "must be dismissed." *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(a)(1); *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited"). One of the nine criteria for Part B relief requires that the defendant did not "possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense . . . ." § 4C1.1(a)(7) (the Firearm Exception). The Court found that Chavez had not met his burden to "show by a preponderance of the evidence that [he] did not actually possess a firearm in close connection with the offense." (*See* Doc. 494 at 8–9 (citing *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1188 (10th Cir. 2004)).) Thus, the Court found he was not eligible for a reduction. (*See id.* at 9.)

2

On December 26, 2024, Chavez filed a motion to reconsider. (Doc. 498.) The Government opposes the motion. (Doc. 500.)

## II.    Legal Standards

### A.    Motions to Reconsider

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).

### B.    Motions for Sentence Reduction

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Sentence reductions fall "within the district court's discretion." *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012) (quoting *United States v. Dorrough,* 84 F.3d 1309, 1311 (10th Cir. 1996)). However, the Sentencing Guidelines require that "any such reduction in the defendant's term of imprisonment shall be consistent with" the USSG policy statements. § 1B1.10(a)(1). Those policy statements require courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range for the range applicable when the defendant was sentenced and to "leave all other guidelines application decisions unaffected." § 1B1.10(b)(1). "Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the [applicable] factors set forth in'" § 3553(a). *Dillon*, 560 U.S. at 822 (quoting § 3582(c)(2)). "Except in limited circumstances, however," a court may not reduce a sentence "to a term that is less than the minimum of the amended" Guidelines range. *Id.* (quoting § 1B1.10(b)(1)).

## III.    Analysis

The Court will deny the motion on the basis that it is untimely. Alternatively, the motion lacks merit.

### A.    Chavez's motion is untimely.

The Government first argues that Chavez's motion is untimely because he filed it 53 days after the Court entered its Opinion denying his motion for sentence reduction. (*See* Doc. 500 at 1–2.) The Government is correct that Chavez's motion to reconsider was due within 14 days of the Opinion. *See, e.g.*, *United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011) (finding that "a motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order"); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (providing that a notice of appeal is due 14 days after entry of the order being appealed). Chavez

4

states in his reply brief that he received notice "of the denial 10 days after the entry of the order[;]" yet he does not explain why his motion was not filed for an additional 43 days.[2] (*See* Doc. 501 at 2.) The Court finds that Chavez's motion is untimely and denies it on that basis.

### B.    Chavez's arguments have no merit.

Even if Chavez had timely filed his motion, the Court would deny it on the merits. Chavez cites to *Smith v. United States*, 508 U.S. 223, 224 (1993), to argue that any firearm at issue "must facilitate, or have the purpose of facilitating the drug offense." (*See* Doc. 498 at 1.) *Smith*, however, "concerned the meaning of the word 'use' in the context of a drugs-for-firearms exchange" under 18 U.S.C. § 924(c) and is, therefore, irrelevant here. *See United States v. Clark*, 115 F.4th 245, 250 (3d Cir. 2024). Chavez also mentions the constitutional right to bear arms, but he fails to demonstrate that this right is relevant to the present motion. (*See* Docs. 498 at 2; 501 at 2–3.) Finally, Chavez cites *Pulsifer v. United States*, a case which resolved a circuit split "over how to read the safety-valve provision's criminal-history requirement." 601 U.S. 124, 132 (2024). (*See* Doc. 498 at 2.) Again, Chavez fails to develop any argument to establish that *Pulsifer* controls the outcome here. In short, Chavez fails to demonstrate that the Court "misapprehended the facts, a party's position, or the law." *See Christy*, 739 F.3d at 539 (citations omitted).

**IT IS THEREFORE ORDERED** that Chavez's Motion for Reconsideration (Doc. 498) is **DENIED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[2] Chavez also asserts that he was "never informed . . . of his right to appeal." (Doc. 501 at 2.) As his right to appeal is not at issue, the Court finds this assertion irrelevant.